UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRANDI McKEE,

                              Plaintiff,

                -vs-                                    13-CV-793-JTC

WHITMAN & MEYERS, LLC,
JOSEPH M. GOHO,

                              Defendants.

_____

## <u>INTRODUCTION</u>

On July 31, 2013, plaintiff Brandi McKee filed a complaint alleging various violations of the Fair Debt Collection Practices Act ("FDCPA" or "Act"), 15 U.S.C. § 1692, *et seq.* Defendants Whitman & Meyers, LLC and Joseph M. Goho failed to appear and defend this action, which resulted in entry of default by the Clerk of the Court, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, on July 3, 2014.  Item 9.  In a Decision and Order dated September 17, 2014 (Item 12), the court granted plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2).  Item 11.  Following the entry of that order, defendants filed a motion for an extension of time in which to file an answer. Item 14.  In a text order dated September 23, 2014, the court advised the parties that it would consider the motion as one to set aside the default judgment pursuant to Fed. R. Civ. P. 60(b). Item 16. For the following reasons, defendants' motion is granted in part.

## DISCUSSION

A court may set aside an entry of default for "good cause" shown pursuant to Fed.R.Civ.P. 55(c), and it may vacate a judgment under Rule 60(b) for any of six reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed R. Civ. P. 60(b).  The "widely accepted" factors for determining whether good cause has been met are: (1) whether the default was willful; (2) whether a meritorious defense is presented; and (3) whether setting aside the default would prejudice the adversary.  *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). "Although the factors examined in deciding whether to set aside a default or a default judgment are the same, courts apply the factors more rigorously in the case of a default judgment ... because the concepts of finality and litigation repose are more deeply implicated in the latter action."  *Id.; see also Peterson v. Syracuse Police Dep't*, 467 F. App'x 31, 33 (2d Cir. 2012).

Defendant Goho contends that the default judgment should be vacated as to him because his default was not willful, he has a meritorious defense, and vacating the default judgment would not prejudice the plaintiff.[1]  Plaintiff argues that defendants made a

---

[1]  While the motion was filed on behalf of both the corporate and individual defendants, defense counsel's arguments in his Memorandum of Law relate solely to defendant Goho.  The court will assume

2

strategic decision to default and thus the default was willful.  *See Am. Alliance Ins. Co. v. Eagle Ins. Co.,* 92 F.3d 57, 60-61 (2d Cir. 1996) (courts will refuse to vacate a judgment where the moving party "had apparently made a strategic decision to default.").  Willfulness requires egregious conduct that is not satisfactorily explained, while mere negligence or carelessness is insufficient to support a finding of willfulness. *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998).   Defense counsel admits that he was under the mistaken assumption that default was to be taken against the corporate entity only.  *See* Item 17. However, default was entered as to both the corporate and individual defendants on July 3, 2014 (Item 9).  Defense counsel did not move to vacate the default and in fact did not respond in any way until the default judgment was entered on September 17, 2014.  Item 12.  Even then, the defense motion was framed as one for an extension of time in which to file an answer (Item 14), rather than a motion to vacate the default or default judgment. Inexplicably, in his papers, defense counsel states that a default judgment has not been entered. *See*  Item 17. Since good cause is to be construed generously and doubts resolved in favor of the defaulting party, *see Enron Oil Corp.,* 10 F.3d at 96, the court will accept the explanation of defense counsel as evidence of a careless lack of attention to procedural detail rather than an egregious and willful default on the part of defendant Goho.

Additionally, defendant Goho argues, "upon information and belief," that the FDCPA does not impose personal liability upon individuals employed by corporations engaged in the business of debt collection.  *See,* Item 17.  The FDCPA imposes liability on "debt

---

that defense counsel has abandoned the motion as to the corporate defendant.

collectors" who engage in prohibited activities. 15 U.S.C. § 1692e. While the Second Circuit has not ruled explicitly on whether an individual employee of a debt collection agency can be liable under FDCPA as a "debt collector," many courts have recognized that "individual liability may be imposed where the defendant sought to be held liable personally engaged in the prohibited conduct." *Krapf v. Prof'l Collection Servs., Inc.*, 525 F.Supp.2d 324, 327 (E.D.N.Y. 2007) (citing cases); *see also Rivero v. Cach LLC,* 2014 WL 991721, *1 n. 5 (E.D.N.Y. Mar. 13, 2014); *Castro v. Green Tree Servicing LLC,* 959 F.Supp.2d 698, 705 n. 8 (S.D.N.Y.  2013); *Williams v. Prof'l Collection Servs., Inc.,* 2004 WL 5462235, *4 (E.D.N.Y. Dec. 7, 2004) (("A high-ranking employee, executive, or director of a collection agency may fit within the statutory definition of a debt collector as long as the defendant was personally involved in the collection of the debt.") (citation omitted).  Additionally, the Federal Trade Commission has opined that "[s]ince the employees of a debt collection agency are 'debt collectors,' they are liable for violations to the same extent as the agency." Statements of General Policy or Interpretation Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed.Reg. 50097–02 (Dec. 13, 1988).  Here, however, the complaint contains no allegations suggesting defendant Goho's individual liability for the violation of the FDCPA.  In fact, a review of the complaint reveals that defendant Goho, while named in the caption, is not described as a party.  In the factual allegations of the complaint, plaintiff merely recites the actions of a singular "Defendant," without specifying any actions of Mr. Goho.  In her Prayer for Relief, plaintiff seeks judgment from Defendant Whitman & Myers, LLC only. *See* Item 1.

Whether a defense is meritorious "is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would

4

constitute a complete defense." *Enron Oil Corp.*, 10 F.3d at 98; *see also Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) ("a defendant seeking to vacate a default judgment need not conclusively establish the validity of the (defenses) asserted...."). Plaintiff argues that the court should pierce the corporate veil and hold defendant Goho personally liable. However, there is nothing on the face of the complaint or in the record that would support individual liability for defendant Goho on the basis of corporate veil-piercing or as a party who personally violated the FDCPA. Accordingly, the court finds that defendant Goho has presented a meritorious defense to the action.

Finally, there is no indication that plaintiff will suffer prejudice if defendant Goho is relieved of the default judgment and permitted to answer the complaint. While vacating the default judgment will result in some delay, "delay standing alone does not establish prejudice." *Enron Oil Corp.*, 10 F.3d at 98. Rather, it must be shown that delay will "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Davis,* 713 F.2d at 916 (internal citation omitted). Plaintiff has asserted no potential prejudice should the default judgment be vacated as to defendant Goho and has asked the court to allow the default judgment to stand as to the corporate defendant should the court grant the motion of defendant Goho. *See* Item 20, p. 4 .

## CONCLUSION

Based on the foregoing, the motion to set aside the default judgment (Item 14) is GRANTED as to defendant Goho and DENIED as to defendant Whitman & Meyers, LLC.

Defendant Goho is directed to file an answer the complaint or to otherwise move on or before January 9, 2015.

So Ordered.

_____\s\ John T. Curtin_____
JOHN T. CURTIN
United States District Judge

Dated: December 17, 2014